If I may, I'd like to reserve two minutes for rebuttal. Yes. Thank you, Your Honor. The key to the government's position is the thesis that a conviction under the New York statute required, under the offer theory of that statute, required proof that there was an actual intent to distribute and that it was in New York. Before you get to the merits, you have two problems that you need to overcome. One is this case has been here before, and you had the opportunity to make this argument at that point, and you did not make it, and you had every incentive to make it. So we don't generally give people a second chance. The other problem is you have a case directly on point which is opposed to your position, and you haven't given us any good reason or any Supreme Court case that would make us depart from our precedent. So do you want to deal with those? Of course, Your Honor. If I may deal with the second one first.  The point at Bryant, however, does not reach the question which I was going to address, which is whether under the law of New York, at the time of the conviction, an actual intent was required under the offer theory of the statute. As I set out in the reply brief, it was not. It's the arguments made in the reply brief. It's not made earlier. Again, that's a waiver on your part. Your Honor, the general point that the offer theory was not a controlled substance offense because it did not require the type of intent necessary is made in the principle in the opening brief. The timing of the statutory change is made for the first time in the reply brief. That's true, Your Honor. All right. But if one can consider the timing, the change in the timing, that is reason for distinguishing Bryant in that Bryant did not consider the question of whether at the time of the conviction in New York such an intent was required because that did not occur under New York law until sometime a few months after the conviction. That would be my principle argument on Bryant, Your Honor. I've also in the opening brief noted that Bryant seems to discuss the one prong of the New York statute. All right. The government says even if you weren't barred by these earlier issues, it's now clear that even under the other prong you would lose. It's an alternate theory. It's not the theory that Bryant used. Well, the government's argument there is that an attempt is sufficient under the sentencing guidelines, an attempt is sufficient to create a controlled substance offense. And they point out that a conspiracy is one of the ways of committing such offense in the application note. I would note, Your Honor, that an agreement under both, a near agreement under both New York and federal law is not a conspiracy. An agreement between a buyer and a seller to transfer drugs does not constitute a conspiracy. That's specifically been cited in New York law, under federal law. At the very least, that's true because in addition to the agreement, you need the overt act. But an attempt at a sale is very different than an agreement, an attempt.  It's clear that an attempt at a sale also qualifies as a controlled substance offense, does it not? Yes, Your Honor. That would bring us back to the other point of whether an attempt without an actual, an attempt, whether you can have an attempt without an actual intent to commit the act. And I suggest you cannot. And that would be the principal argument there. If I may, for the law of the case argument, Your Honor, which Judge Lynch raised, a couple points there. The first is that the trial judge specifically decided to review objections which he knew had not been raised before. So the question is whether that was beyond his authority to do so.  The question is whether the defendant, by not making the argument first time around, gets a chance to make it the second time around. And it was an important argument for you to make. I don't know if you represent it. It wasn't me, but I understand the point, Your Honor. The failure to raise that question arose when the law was in a different context. There was a significant question at that time about whether facts set out in the pre-sentence report could be considered, especially when not contested, could be considered as shepherd documents. But counsel, even if that's true, wasn't the government always arguing just a categorical approach, not a modified categorical approach, which would allow a court to consider documents perhaps such as a pre-sentence report? I believe the government represents that they have never been relying upon a modified categorical approach, even in that first round. I believe, Your Honor, if you read the sentencing transcript, the trial judge, anyway, thought he was dealing with a modified categorical approach. I don't have the site in front of me. He does refer to that in the sentencing transcript. So at least at that stage, at least from one side, the defendant might well have thought that he was dealing with a modified categorical approach, and that because the facts were stated in the pre-sentence report, that he did not have a very good argument, a very good argument that this was not a controlled substance offense under that particular prong of the New York statute. Yes, but you started by saying the law generally was unsettled. Doesn't that make it more likely that it should have been raised at that point? Appellate counsel, Your Honor, is in the position of picking and choosing his issues. He really felt in this case that he had a very good appellate issue, which prevailed, in fact. I'm sorry. He did prevail on the trial error, but he presented no argument about any sentencing error. That's correct, Your Honor. All right. Your Honor, may it please the Court, Randall Crum on behalf of the government. The government does believe that this is, in the end, something where the Court does not have to reach the merits because of the law of the case and the law of the circuit issues here. We don't think that the defendant has shown any reason, any change in the law or change in the circumstances, that are the kinds of things that allow you to look beyond those doctrines and to revisit the issues. Did the government raise law of the case in the district court in this round? No, I don't believe we did. I think the understanding was that it was controlled by Bryant. Would appellee waiver have any role here? It's not my understanding that we're required to raise law of the case. Law of the case is a doctrine. It's true we could have. I think it could have been argued that the issue had been decided, but I don't believe it's an issue that we waive by not raising it. I think we said in our brief that, in fact, this Court can, in the first instance, raise it sua sponte, that it's not an issue that is, while obviously it would be efficient for us to raise it for this district court to agree with it, but that we're not required to do so. Why shouldn't that waiver doctrine apply to the government? Why should you be excused from raising an argument that could well be important to the district court that might provide a basis for its ruling? Why shouldn't the waiver doctrine apply to you? Well, I mean, I guess if it's not, if the application of the issue is that it wasn't raised by the defendant so it wasn't an issue in the case, I mean, if the PSR states that he is, in fact, he qualifies that this is a qualifying offense, he doesn't argue that it's not. We don't have a, I mean, well, he argues that he's not, but we have a case directly on point. I think we could have argued two pronged. First, you don't have to reach this at all because it was already decided. Second, it's controlled. But, again, my understanding is that this is not an issue that requires us to raise any arguments. What do the cases applying the doctrine which say it can be raised sua sponte by the Court of Appeals say on that topic? Well, that's what my recollection is they simply say that it's not an issue that we are bound, that the government is bound to raise, the appellee is bound to raise. I mean, I think it would fall into the category of that we can raise alternative grounds for affirming. Again, we're asking for affirmance here, not an alternative ground for changing the result. The court reached a result based on law of the circuit, which we think was a perfectly proper resolution. The fact that there was an alternative ground we could have raised had the court, you know. That's his argument. Right. Right. It's not your argument. Right. So the point, but moving beyond the point, there are a couple points that I guess I did want to just address because I think they're important, and these go to the merits. And, again, we don't think the court necessarily needs to get there, but they were raised, so I think they need to be, they should be addressed. They're raised in the reply brief. One of them is this question that the law had changed and it wasn't what it was at the time of his conviction. Perhaps he was convicted on a different understanding of what an offer might require. And, in fact, that's just not true. If you look in People v. Mike, which is the case that everybody is citing, it cites to a 1978 case, People v. Gandolfo, and quotes from it, for the bona fide offer of language. So while that is not as high a level court, that is many years earlier, and it certainly suggests, and he certainly hasn't borne a burden of showing otherwise, that the law had changed in the five months prior to or after he was convicted. In fact, it seems to me that People v. Mike merely restated what the existing New York law was. So I think that's an important point. There wasn't a dramatic shift. I think the question could be raised if you had a situation where the Supreme Court of the State had turned around 180 degrees and suddenly requirements were different, that that is a significant development. There's no indication that that's what happened here. So I think that's point one. The second point is you raised about the question of agreement, and I wanted to address that because our brief was to give that to short shrift. Not every agreement would be a conspiracy. An agreement to buy and sell would not be a conspiracy. Nonetheless, it would fall within the definition of attempt under the same reasoning that we give. And there's a case, which I will submit to the court. I just found it yesterday, so I didn't have a chance to submit it already, People v. Forgione, which is a New York case that explains that an offer and agreement to sell theory are essentially the same, and they both require the same kind of bona fide offer. They're not different in kind, and therefore, Send us the citation in Rule 28J. I absolutely will. I was planning to do so. So you'll have that as well. But those, to the extent that agreements to sell fall outside of conspiracy, they would fall within the definition of offers within the state law, and the same reasoning would apply. Those are the main two issues I wanted to address. And I guess, again, there was some mention that the comp and other cases may have changed the framework. But I think it's pretty clear that none of the changes in the law affected, as the court has noted. We were arguing, and I don't know what – I haven't looked because it wasn't an issue in the briefs, whether there was anything that was said differently in the first sentencing. But my understanding has been that it was always a categorical approach, and based on Bryant as covering the waterfront, there wasn't an attempt to bring in documents to argue that it might be divisible, so that there wasn't anything that changed by the comp or anything else that made us – would make us view differently the sort of effect of Bryant on this case. If there aren't any further questions, we'll rely on the brief. Thank you. Very briefly, rather. People v. Mike was indeed the first appellate case at any level in New York State that reached this question. There may have been a trial court decision earlier than that. I wasn't aware of it. As to the question of whether these was a divisible or indivisible statute, on page 8 of the sentencing transcript, the defendant's attorney specifically argues that it's a divisible statute that's governed by Shepard. So that was the position of the parties at that time. No. Of the parties? Of one party, Your Honor. Yes. But there's certainly no – Hence the district court's decision to say something about it. There's no disagreement in the sentencing transcript. That's all I can say, Your Honor. The parties don't seem to be disputing that. And finally, on the question of the law of the case, I would only note again that this court has recognized that there was a question about the effect of the PSR facts as Shepard documents at that time.  Thank you both.